```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF JAMES COMMUNICATION, INC., et al. | : : : : |
| v. | : Civil Action No. DKC 14-0946 |
| LACO ELECTRIC, INC., et al. | : : : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract dispute is an unopposed motion for partial summary judgment filed by Plaintiff James Communication, Inc. ("Plaintiff" or "JCI"). (ECF No. 25). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted, but the request for prejudgment interest will be denied without prejudice to renewal.

I.  **Background**

Defendant John C. Grimberg Co., Inc. ("Grimberg") entered into a contract with the United States Army Corps of Engineers regarding the design and construction of an Emergency Services Center located in Fort Detrick, Maryland. (ECF No. 23 ¶ 13). Grimberg then entered into a subcontract with Defendant LACO, Electric, Inc. ("LACO") for the purchase and installation of

certain electrical and telecommunication systems for the Fort Detrick project. (*Id.* ¶ 15). On January 17, 2011, LACO contracted with Plaintiff to provide the telecommunications systems for the Fort Detrick Project. Under the terms of the purchase order ("FTD Purchase Order"), LACO was required to pay Plaintiff $194,969.48 for materials and services in providing the telecommunications system for the Fort Detrick Project. (*See* ECF No. 25-1, purchase order). Plaintiff performed its obligations under the purchase order on May 25, 2013, and invoiced LACO throughout the performance of its work. (ECF No. 25-2 ¶¶ 7-8). Plaintiff asserts that it demanded payment from LACO and Grimberg in June 2013. On June 8, 2013, LACO requested that Plaintiff perform additional work on the Fort Detrick Project, and agreed to pay Plaintiff $1,000 for the extra work ("FTD Change orders"). (*See* ECF No. 25-2 ¶ 10; ECF No. 11 ¶¶ 22-23, LACO's answer). Plaintiff performed the additional work and again demanded payment from LACO and Grimberg for the FTD Purchase Order and the FTD Change Orders.

On March 26, 2014, Plaintiff filed the instant complaint, naming as defendants LACO, Grimberg, and Hartford, among others. (*See* ECF No. 1). The complaint asserts seven causes of action, although Plaintiff has since voluntarily dismissed two counts of the complaint. (*See* ECF No. 9). On August 11, 2014, Plaintiff moved for partial summary judgment only as to the breach of

contract claim against Defendant LACO in count two of the complaint. (*See* ECF No. 25). LACO did not oppose the motion. On March 26, 2015, Plaintiff filed a supplement to its motion for partial summary judgment. (ECF No. 46).

**II. Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also JKC Holding Co., LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett*, 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential

element . . . necessarily renders all other facts immaterial." *Id.* Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Where, as here, the nonmoving party fails to respond, the court may not automatically grant the requested relief. *See* Fed.R.Civ.P. 56(e)(2). Rather, it must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

**III. Analysis**

Plaintiff moves for partial summary judgment as to the breach of contract claim against LACO. "To prevail in an action for breach of contract, a plaintiff must prove that the

defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Jaguar Land Rover North America, LLC v. Manhattan Imported Cars, Inc.*, 738 F.Supp.2d 640, 649 (D.Md. 2010) (*citing Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)).  Here, it is undisputed that Plaintiff and LACO executed a purchase order in the amount of $194,969.48. (ECF No. 25-1 & ECF No. 11 ¶¶ 22-23, LACO's answer).  There also is no dispute that the FTD Purchase Order entitled Plaintiff to payment for work performed.  In its answer, LACO states that it is without knowledge to admit or deny whether it failed to pay Plaintiff pursuant to the FTD Purchase Order; it also adds, however, that "Grimberg failed to pay LACO for Plaintiff's materials or services provided." (ECF No. 11 ¶ 45).  Nothing in the FTD Purchase Order, however, conditions payment to Plaintiff on receiving payment from Grimberg, and LACO does not argue as much in its answer. In its March 26, 2015 supplemental submission to the court, Plaintiff indicates that Grimberg paid Plaintiff $100,000 on February 5, 2015.  (ECF No. 46, at 1).  Thus, Plaintiff represents that "[t]he principal amount of Plaintiff's claim is reduced from $194,969.48 to $94,969.48 to account for a $100,000 credit received [on] February 5, 2015."[1]  (*Id.*).  Plaintiff has shown that it is entitled to judgment in the amount of $94,969.48.

---

[1] In its complaint and motion for partial summary judgment,

In the March 26, 2015 supplemental submission, Plaintiff also requests prejudgment interest. It states:

> The amount of prejudgment interest Plaintiff requests is $20,266.83. Plaintiff seeks recovery of 6% interest[2] [] on the principal of $194,969.48 from June 7, 2013 (the date of the bond claim to Hartford) to February 5, 2015 (the date of Grimberg's $100,000 payment), 608 days, at a *per diem* rate of $32.049777, for a total of $19,486.26. Plaintiff also seeks recovery of 6% interest on the principal of $94,969.48 from February 5, 2015 (the date of Grimberg's $100,000.00 payment) to March 26, 2015, 50 days, at a *per diem* rate of $15.611421, for a total of $780.57.

(ECF No. 46, at 1). "[I]nterest is allowable as a matter of right for a breach of contract to pay when the amount due has been liquidated, ascertained, or agreed to." *United States v. State of W.Va.*, 764 F.2d 1028, 1031 (4th Cir. 1985); *Wood Prods., Inc. v. CMI Corp.*, 651 F.Supp. 641, 653 (D.Md. 1986). Here, the record is insufficient to grant prejudgment interest. In the complaint, Plaintiff sought judgment in the amount of $194,969.48 with pre-judgment interest, without any specification as to when the breach of contract claim accrued as

---

Plaintiff indicated that it agreed to perform additional work on the Fort Detrick Project for $1,000. Plaintiff appears to have abandoned any claim for the additional $1,000, as it seeks judgment in the amount of $94,969.48 (plus prejudgment interest).

[2] In Maryland, the legal rate of interest is six percent per annum. *Mitchell v. Kentmorr Harbour Marina*, No. WMN-19-0337, 2011 WL 5826674, at *5 (D.Md. Nov. 17, 2011) (*citing* Md. Const. art. III, § 57).

to LACO. Moreover, Plaintiff did not request pre-judgment interest in its motion for partial summary judgment. (*See* ECF No. 25). The affidavit in support of the motion for partial summary judgment is devoid of any facts from which it can be determined when the breach of contract occurred, let alone that it occurred on June 7, 2013 as Plaintiff now suggests in its supplemental submission. The complaint only indicates that Plaintiff demanded payment from LACO via email on June 7, 2013 for the materials and services provided pursuant to the FTD Purchase Order, but this does not conclusively establish that the obligation to pay became due then. (*See* ECF No. 1 ¶ 21). In fact, the complaint indicates that Plaintiff agreed to perform additional work on June 8, 2013. The reference to June 7, 2013 as the date of the "bond claim to Hartford" in the supplemental submission is also unclear and does not conclusively establish that prejudgment interest should accrue from June 7, 2013. Without more information, prejudgment interest cannot be fairly awarded.

Plaintiff indicates in its supplemental submission that it withdraws its claim for attorneys' fees against LACO, and further consents to the dismissal of counts one, three, six, and seven in the complaint upon entry of judgment in its favor. Accordingly, Plaintiff's motion for partial summary judgment as to Grimberg and Hartford will be denied as moot.

7

Based on the foregoing, the motion for partial summary judgment as to LACO will be granted, but the request for prejudgment interest will be denied without prejudice to Plaintiff's right to renew.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for partial summary judgment as to LACO will be granted, but the prejudgment request will be denied without prejudice to renewal. The motion for partial summary judgment as to Defendants Grimberg and Hartford will be denied as moot, and Counts One, Three, Six, and Seven will be dismissed. A separate order will follow.

                                                  /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge