IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                    :
UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF JAMES            :
COMMUNICATION, INC., et al.
                                    :

  v.                                :   Civil Action No. DKC 14-0946

                                    :

  LACO ELECTRIC, INC., et al.
                                    :
```

**MEMORANDUM OPINION**

The facts underlying this contract dispute are set forth in a prior memorandum opinion. (ECF No. 47). The court issued a memorandum opinion and order on March 27, 2015, granting an unopposed motion for partial summary judgment filed by Plaintiff James Communication, Inc. ("Plaintiff" or "JCI") and entering judgment in the amount of $94,969.48 against Defendant LACO Electric, Inc. ("LACO") on count two of the complaint for breach of contract. (ECF Nos. 47 & 48).[1] On March 26, 2015, the day before the court issued the memorandum opinion and order, Plaintiff filed a supplement to its motion for partial summary judgment seeking pre-judgment interest in the amount of $20,266.83. (ECF No. 46, at 1). The court denied the request for pre-judgment interest without prejudice to renewal:

---

[1] Counts One, Three, Six, and Seven of the complaint were also dismissed. (ECF No. 48 ¶ 4). Plaintiff voluntarily dismissed counts four and five of the complaint. (ECF No. 9).

Here, the record is insufficient to grant prejudgment interest. In the complaint, Plaintiff sought judgment in the amount of $194,969.48 with pre-judgment interest, without any specification as to when the breach of contract claim accrued as to LACO. Moreover, Plaintiff did not request pre-judgment interest in its motion for partial summary judgment. (*See* ECF No. 25). The affidavit in support of the motion for partial summary judgment is devoid of any facts from which it can be determined when the breach of contract occurred, let alone that it occurred on June 7, 2013 as Plaintiff now suggests in its supplemental submission. The complaint only indicates that Plaintiff demanded payment from LACO via email on June 7, 2013 for the materials and services provided pursuant to the FTD Purchase Order, but this does not conclusively establish that the obligation to pay became due then. (*See* ECF No. 1 ¶ 21). In fact, the complaint indicates that Plaintiff agreed to perform additional work on June 8, 2013. The reference to June 7, 2013 as the date of the "bond claim to Hartford" in the supplemental submission is also unclear and does not conclusively establish that prejudgment interest should accrue from June 7, 2013. Without more information, prejudgment interest cannot be fairly awarded.

(ECF No. 47, at 6-7).

On March 30, 2015, Plaintiff filed a second supplement to its motion for partial summary judgment, renewing its request for pre-judgment interest and providing additional information concerning this request. (ECF No. 49). LACO did not file any response to the supplement and the time for it to do so has passed.

As stated in the prior opinion, on January 17, 2011, LACO contracted with Plaintiff to provide the telecommunications systems for the Fort Detrick Project. Under the terms of the purchase order ("FTD Purchase Order"), LACO was required to pay Plaintiff $194,969.48 for materials and services in providing the telecommunications system for the Fort Detrick Project. (*See* ECF No. 25-1, purchase order). Plaintiff submits as an exhibit to its second supplement an affidavit from Robert J. Griffin, the Controller of TWD & Associates, Inc., of which Plaintiff is a wholly owned subsidiary. (ECF No. 49-1 ¶¶ 2-3). Mr. Griffin indicates that on February 14, 2013, Plaintiff submitted to LACO an invoice, invoice number 17585, in the principal amount of $130,000 with payment due on or before March 16, 2013. (ECF No. 49-1 ¶¶ 11-12; *see also* ECF No. 49-1, at 4 invoice). Mr. Griffin further states that Plaintiff last furnished labor/materials under the Purchase Order on June 7, 2013, and on the same date, submitted an invoice to LACO, invoice number 18052, in the additional amount of $64,969.48, with payment due on or before July 7, 2013. (ECF No. 49-1 ¶¶ 9, 13-14; ECF No. 49-1, at 5, invoice).

As indicated in the prior opinion, "interest is allowable as a matter of right for a breach of contract to pay when the amount due has been liquidated, ascertained, or agreed to." *United States v. State of W.Va.*, 764 F.2d 1028, 1031 (4th Cir.

1985); *Wood Prods., Inc. v. CMI Corp.*, 651 F.Sup.. 641, 653 (D.Md. 1986).   The total amount of the purchase order, $194,969.48, was ascertained and became due by LACO on July 7, 2013.   Plaintiff was not paid until February 5, 2015, when Grimberg submitted a $100,000 to it.   (*See* ECF No. 49, at 3 n.2; *see also* ECF No. 46 ¶ 2, indicating the date of Grimberg's $100,000 payment to Plaintiff).   Accordingly, pre-judgment interest will be awarded on the principal amount of $194,969.48 from July 7, 2013 to February 5, 2015, the date Grimberg remitted payment in the amount of $100,000, leaving unpaid the remainder amount of $94,969.48.[2]   Pre-judgment interest on the unpaid remainder of $94,969.48 will be awarded from February 5, 2015 until March 27, 2015, when the court issued an order entering judgment in favor of Plaintiff.

   A separate order will follow.

_____
DEBORAH K. CHASANOW
United States District Judge

_____

[2] In Maryland, the legal rate of interest is six percent per annum.  *Mitchell v. Kentmorr Harbour Marina*, No. WMN-19-0337, 2011 WL 5826674, at *5 (D.Md. Nov. 17, 2011) (*citing* Md. Const. art. III, § 57).